UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

EASTERN ATLANTIC STATES
CARPENTERS FUNDS, *et al.*,

Petitioners,

v.

TITAN SHORING & CONSTRUCTION
LLC,

Respondent.

HONORABLE KAREN M. WILLIAMS

Civil Action
No. 1:25-cv-16084-KMW-EAP

**MEMORANDUM OPINION
AND ORDER**

**Bradley M. Parsons, Esq.**
O'BRIEN BELLAND AND BUSHINSKY
509 South Lenola Road, Bldg. 6
Moorestown, NJ 08057

*Counsel for Petitioners*

**WILLIAMS, District Judge**:

## I.   INTRODUCTION

This matter comes before the Court on the Motion to Confirm Arbitration Award filed by the Eastern Atlantic States Carpenter Funds ("Funds"), the trustees of the Funds ("Trustees"), and the Eastern Atlantic States Regional Council of Carpenters ("Regional Council") (collectively, "Petitioners"), pursuant to the Federal Arbitration Act ("FAA"). In their Motion, Petitioners seek judicial confirmation of the August 3, 2025 arbitration award issued by J.J. Pierson, Esq. ("Arbitrator"), as well as the entry of a corresponding judgment against the respondent, Titan Shoring & Construction LLC ("Respondent"). For the reasons set forth below, the Motion is granted.

1

## I.    BACKGROUND

This case concerns an employer's failure to make contractually required contributions to employee benefit funds. Respondent is an employer and signatory to a collective bargaining agreement with the Regional Council (the "CBA").[1] (ECF No. 1 at 5–79.) The CBA obligated Respondent to contribute specified amounts to the Funds for covered employees. (*Id.* at 31.) It also required, at Petitioners' election, for disputes to be submitted to and resolved by a designated arbitrator. (*Id.* at 28.)

Petitioners initiated arbitration in 2025, alleging that Respondent failed to make timely and accurate contributions for the payroll period from May 6, 2025, through June 30, 2025. (*Id.* at 76.) The Arbitrator held a hearing on July 31, 2025. Petitioners presented evidence; Respondent did not appear or participate. (*Id.* at 75.) On August 3, 2025, the Arbitrator issued an award for Petitioners. He found Respondent delinquent in the principal amount of $83,417.67 and, under the CBA, also liable for interest, liquidated damages, attorneys' fees, the arbitration fee, and any court costs necessary to enforce the Arbitration Award. (*Id.* at 77.) The total award was $120,287.27. (*Id.*)

On September 29, 2025, Petitioners initiated the instant case and timely moved to confirm the Arbitration Award pursuant to the FAA, 9 U.S.C. § 9. (ECF Nos. 1–2.) Respondent has neither appeared in this matter nor responded to Petitioners' submissions.[2] The three-month period in which Respondent could have moved to vacate, modify, or correct the Award has expired, and

---

[1] The Regional Council is the successor in interest to Keystone + Mountain + Lakes Regional Council of Carpenters, an original signatory to the CBA.

[2] Petitioners' counsel has certified that copies of their Petition and Motion were sent to Respondent by certified mail to an address in Absecon, New Jersey. (ECF No. 2-4.) That address matches the company address listed for Respondent in its CBA signature block. (ECF No. 1 at 59.) *See* 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing").

Petitioners' Motion is thus ripe for disposition. *See id.* § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

## II.    DISCUSSION

Under the FAA, confirmation is the process through which a party to arbitration completes the award process, rendering the award a final and enforceable judgment. *See* 9 U.S.C. § 13. The FAA "not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). Section 9 of the FAA provides, in relevant part:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

District courts have little authority to disturb arbitration awards. *See United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Where parties have agreed to be bound by an arbitrator's decision, a court must enter an order enforcing the same the same unless (1) the award was "procured by corruption, fraud, or undue means"; (2) there was "evident partiality or corruption in the arbitrators, or either of them"; (3) the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy," or "of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Stated succinctly, district courts do not vacate arbitration

awards absent evidence that the arbitrator's decision was based on a "manifest disregard of the law." *See Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 534 (3d Cir. 1985). This is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (internal quotation marks omitted).

Here, the Court finds that confirmation of the Arbitration Award is warranted. It reflects a decision that was based on evidence presented to during a hearing; clearly sets forth findings of facts; and reaches legal conclusions supported by the CBA. Nothing in the record suggests that the Arbitrator exceeded his authority, disregarded the CBA, or otherwise acted in a manner that would permit vacatur under the FAA. *See Loc. 863 Int'l Bhd. of Teamsters*, 773 F.2d at 533. Accordingly, the Court finds that the Arbitration Award must be confirmed.

Therefore, **IT IS** this **2nd** day of **June 2026** hereby

**ORDERED** that Petitioners' Motion (ECF No. 2) is **GRANTED**. An appropriate Judgment accompanies this Memorandum Opinion and Order, and shall be duly entered by the Clerk of Court.

KAREN M. WILLIAMS, U.S.D.J.

4